IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES GODFREY, #K-56662,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00455-SMY |
| | ) | |
| **CANTINA FOOD SERVICES,** | ) | |
| **TY BATES, SUZANN BAILEY,** | ) | |
| **and THOMAS SPILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Godfrey, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1). Plaintiff claims that the Illinois Department of Corrections' ("IDOC") soy-based diet for prisoners violates his rights under the Eighth and Fourteenth Amendments. He also claims that Pinckneyville's "two-meal-per-day" policy violates his rights under the Eighth Amendment, Fourteenth Amendment, and ADA. In connection with these claims, Plaintiff sues Cantina Food Services ("Cantina"), Ty Bates (IDOC deputy director), Suzann Bailey (IDOC food services administrator), and Thomas Spiller (Pinckneyville warden) for monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

### The Complaint

Plaintiff brings two sets of claims in his complaint. The first arises from the soy diet that Plaintiff has received since entering the IDOC in 2012. The second arises from Pinckneyville's "two-meal-per-day" policy. Each set of claims is separately addressed below.

### Soy Diet

Plaintiff claims that Defendants conspired to violate his Eighth and Fourteenth Amendment rights by serving him a diet that is high in soy (Doc. 1, p. 5). According to the complaint, more than ninety percent of the IDOC's prison diet consists of soy products. Plaintiff has received this diet since 2012.

He associates the soy diet with several health problems. Since June 2013, Plaintiff has suffered regular bouts of severe stomach pain and constipation that last up to four days at a time. His requests for medical attention have been denied. Plaintiff has directed numerous grievances to Defendants. In them, he describes the unaddressed medical issues that he associates with the soy diet. Defendants have not responded to Plaintiff's grievances.

Plaintiff now sues all four Defendants for violating his rights under the Eighth and Fourteenth Amendments (Doc. 1, pp. 5, 7). He also brings a conspiracy claim against Defendants Cantina ("Cantina"), Bates, and Bailey for agreeing to issue Plaintiff a soy diet in an effort to violate his constitutional rights.

### "Two-Meal-Per-Day" Policy

Pinckneyville eliminated its breakfast (Doc. 1, p. 7). Inmates are instead served brunch from 10:00-10:30 a.m. and dinner from 4:00-4:30 p.m. daily. Plaintiff is required to go without food for up to eighteen hours at a time. As a result, he suffers from severe headaches, severe stomach pains, and mental anguish (Doc. 1, p. 6).

Plaintiff maintains that the two meals are nutritionally inadequate (Doc. 1, pp. 6-7). Together, they total less than 1,600 calories. Plaintiff has two options. He can either wait for his next meal or supplement his diet with food from the commissary. However, it is unclear whether he can access the prison's commissary because he is housed in segregation.

Plaintiff sues Defendants for violating his rights under the Eighth Amendment, Fourteenth Amendment, and ADA. Plaintiff also claims that Defendants conspired to institute a "two-meal-per-day" policy at Pinckneyville, in an effort to generate revenue at the prison's commissary (Doc. 1, p. 7).

### Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following six claims, which correspond to those set forth above. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet;
>
> **Count 2:** Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances regarding the soy diet and/or the "two-meal-per-day" policy;

| | |
|---|---|
| **Count 3:** | Conspiracy claim against Defendants Cantina, Bates, and Bailey for issuing Plaintiff a soy diet in an effort to violate his rights; |
| **Count 4:** | Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a nutritionally inadequate diet consisting of 1,600 calories per day; |
| **Count 5:** | ADA claim against Defendants for depriving Plaintiff of a nutritionally adequate diet; and |
| **Count 6:** | Conspiracy claim against Defendants for attempting to generate revenue by adopting and instituting a "two-meal-per-day" policy at Pinckneyville. |

Counts 1 and 4 shall receive further review against those defendants who are identified below in connection with each claim. However, all remaining claims, including Counts 2, 3, 5, and 6, shall be dismissed for failure to state a claim upon which relief may be granted.

<u>**Claims Subject to Further Review**</u>

**Count 1 - Deliberate Indifference to Soy Diet; Count 4 - Inadequate Nutrition**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows

that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994). The doctrine of *respondeat superior*—or supervisory liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). In addition, deliberate indifference is not satisfied where the prison official was negligent or grossly negligent; the official must have acted with the equivalent of criminal recklessness. *Id.* at 835-37.

At this early stage, the complaint suggests that Plaintiff suffered serious side effects from the overconsumption of soy in his diet (**Count 1**) and inadequate nutrition (**Count 4**). Further, Plaintiff alleges that he wrote letters complaining about his soy diet and inadequate nutrition to Defendants Spiller, Bates, and Bailey. The complaint suggests that these individuals may have responded to Plaintiff's complaints regarding both issues with deliberate indifference. Therefore, Counts 1 and 4 shall proceed against Defendants Spiller, Bates, and Bailey in their individual capacities.

However, all official capacity claims against these defendants fail. The Eleventh Amendment bars suits against the state, including its agencies and officers in their official capacities, for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). Plaintiff seeks only monetary damages against state officers. This relief is unavailable to him. Therefore, the official capacity claims in Counts 1 and 4 against Defendants Spiller, Bates, and Bailey shall be dismissed with prejudice.

In addition, the complaint states no claim against Defendant Cantina. A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused

the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). In the context of Section 1983, a private corporation that performs functions on behalf of the state is "acting under color of state law," and is treated the same as a municipal entity. *See Jackson v. Illinois Medi-Car, Inc*., 300 F.3d 760, 766 n. 6 (7th Cir. 2002). In the complaint, Plaintiff does not allege that Cantina was responsible for the policy of providing Plaintiff with a soy diet or a diet consisting of 1,600 calories per day (or meals that were spaced up to eighteen hours apart). Further, there is no allegation suggesting that any individual acted or failed to act as a result of such a policy espoused by Cantina. Therefore, Counts 1 and 4 shall be dismissed against Cantina without prejudice.

In summary, Plaintiff may proceed with **Counts 1** and **4** against Defendants Spiller, Bates, and Bailey in their individual capacities. All official capacity claims against these defendants shall be dismissed with prejudice. Further, Counts 1 and 4 shall be dismissed without prejudice against Defendant Cantina.

**Claims Subject to Dismissal**

**Count 2 – Fourteenth Amendment**

The complaint refers to the Fourteenth Amendment (**Count 2**) but does not explain why. To the extent that Count 2 arises from Defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007);

*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. **Count 2** fails and shall be dismissed with prejudice against Defendants.

**Counts 3 & 6 – Conspiracy**

Plaintiff maintains that Defendants Cantina, Bates, and Bailey conspired to issue him a soy diet (**Count 3**), in violation of his rights, and that Defendants Cantina, Bates, Bailey, and Spiller instituted the "two-meal-per-day" policy in order to generate revenue in the prison's commissary (**Count 6**). Both conspiracy claims fail, but for different reasons.

Count 3 does not survive preliminary review because the complaint offers insufficient allegations in support of this claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused of participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)). The complaint alleges that Defendants conspired to issue Plaintiff a soy diet in order to violate his constitutional rights. This mention of a conspiracy is insufficient, even at the early pleadings stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell v.*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face").  The factual allegations do not support a conspiracy claim against Defendants, based on their issuance of a soy diet.  Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Count 6 is also subject to dismissal.  The complaint also fails to articulate a viable conspiracy claim against Defendants for allegedly implementing the "two-meal-per-day" policy at Pinckneyville in order to generate revenue in the prison's commissary.  Conspiracy is not an independent basis of liability in Section 1983 actions.  *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).  "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution."  *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

The complaint alleges that the purpose of this particular "conspiracy" is to force inmates to purchase food at the commissary.  In other words, this scheme is allegedly aimed at taking prisoners' money.  However, Plaintiff did not allege that his money was taken *without due process of law.*  Even if the complaint so alleged, there is no cognizable civil rights claim if the state provides an adequate legal remedy.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).  Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the Pinckneyville "two-meal-per-day"

policy.  Where there is no underlying constitutional claim for this "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds.

In addition, the complaint includes insufficient allegations suggesting that each of the defendants entered into an agreement to accomplish this goal.  Therefore, the complaint also fails to demonstrate the requisite level of personal involvement in any constitutional deprivation, as it pertains to this claim.

For the reasons set forth herein, **Counts 3** and **6** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 5 – ADA Claim**

The complaint also articulates no viable ADA claim (**Count 5**).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act,[1] 29 U.S.C. §§ 794-94e, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes; (2) that he is qualified to participate in the program in question; and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability.  *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).  The complaint includes no allegations suggesting that Plaintiff should be considered a disabled individual.  There is no suggestion that any action taken by Defendants was connected to a disability or constituted discrimination on account of a disability.  Accordingly, the complaint supports no claim under the ADA or Rehabilitation Act, and **Count 5** shall be dismissed without prejudice for failure to state a claim upon which relief

---

[1] A court should analyze a disability-related claim under both the ADA and the Rehabilitation Act. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

may be granted.

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of the Court.

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff has also filed a motion for service of process (Doc. 4), which is hereby **GRANTED in part**, with respect to Defendants **SPILLER, BATES,** and **BAILEY,** and **DENIED in part**, with respect to Defendant **CANTINA FOOD SERVICES**.

### Disposition

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief may be granted. **COUNTS 3, 5,** and **6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that all **OFFICIAL CAPACITY** claims for monetary damages against Defendants **BATES, BAILEY**, and **SPILLER** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant **CANTINA FOOD SERVICES** is **DISMISSED** without prejudice.

With respect to **COUNTS 1** and **4**, the Clerk of Court shall prepare for **DEFENDANTS SPILLER, BATES,** and **BAILEY,** in their individual capacities only: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 20, 2015**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**