IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:15 CV 455 SMY/RJD |
| | ) | |
| THOMAS A. SPILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Second Motion to Compel (Doc. 38) and Plaintiff's Motion for Leave to Amend (Doc. 39).  Plaintiff is an inmate at Pinckneyville Correctional Center.  Defendants are employees of the Illinois Department of Corrections.  On April 23, 2015, Plaintiff commenced this action, alleging constitutional violations under 42 U.S.C. § 1983 and other statutory violations.  (Doc. 1.)  Plaintiff's remaining claims allege that Defendants violated his constitutional rights under the Eighth Amendment by serving him a soy-based diet and by serving him a nutritionally inadequate diet of 1,600 calories per day, both of which endangered his health.

### DEFENDANTS' MOTION TO COMPEL

Defendants move to compel Plaintiff to produce documents in response to their discovery requests.  On August 8, 2016, Defendants moved to compel Plaintiff to respond to discovery requests, including Defendants' Request for the Production of Documents on the Merits.  (Doc. 31.)  On August 29, 2016, Plaintiff filed responses to the request for production with the Court.  (Doc. 33.)  Plaintiff's responses indicated that he had responsive documents, but Plaintiff did not

file the documents with the Court, and Defendants indicate that they have not received the documents from Plaintiff.  Defendants have attached letters to Plaintiff requesting these documents on September 23 and November 9, 2016, and state that Plaintiff has not responded. (Docs. 38-2, 38-3.)  Moreover, it is unclear whether Plaintiff has responded to the Motion to Compel.[1]

It appears that Plaintiff has either: (1) failed to produce documents as required by Fed. R. Civ. P. 34; or (2) failed to inform the Court of the purpose the documents submitted with his Motion for Leave to Amend.  The Court finds that Defendants have satisfied the good faith effort to confer requirement set forth by Fed. R. Civ. P. 37(a)(1).  Accordingly, the Court orders Plaintiff to inform the Court whether and to what extent the documents submitted with his Motion for Leave to Amend constitute the responsive documents in his possession and under his control.  To the extent that Plaintiff has not provided all responsive documents in his possession and under his control, the Court orders Plaintiff to produce such documents to Defendants by January 13, 2017.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff moves for leave to amend his complaint to add Dr. Shah as a defendant and to reinstate a claim against Defendants in their official capacities for injunctive relief.  Defendants respond that Plaintiff's undue delay bars the addition of the party at this stage of the proceedings.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[1] Defendants note that Plaintiff has submitted documents that may be responsive to their requests for production along with his Motion for Leave to Amend the Complaint.  To Defendants' point, Plaintiff's purpose in submitting these documents to the Court is unclear as these documents do not resemble a proposed amended complaint.

2

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Plaintiff seeks to add Dr. Shah as a defendant stating that he named Dr. Shah as a defendant in the original complaint; that his complaint referred to a nurse or doctor; and that he now identifies Dr. Shah to the Court. In the complaint, Plaintiff refers to medical treatment and attaches a grievance requesting that Dr. Shah be fined or terminated. (Doc. 1.) However, the complaint does not name Dr. Shah as a defendant either in the caption or the "Defendants" section of the form complaint where he listed the defendants presently in the case. (*Id.*) Thus Plaintiff knew the name of Dr. Shah prior to filing the complaint but waited eighteen months before attempting to add him as a defendant, and Plaintiff offers no explanation for this delay. Therefore, the Court finds the addition of Dr. Shah as a defendant is barred by Plaintiff's undue delay.

Plaintiff further seeks to add a prayer for injunctive relief and argues that federal statutes allow him to seek such relief. On May 20, 2015, the Court dismissed Plaintiff's claims against Defendants Spiller, Bates, and Bailey in their official capacities because the only remedy sought by Plaintiff was monetary damages and because only injunctive relief – which does not include monetary damages – is available against official capacity defendants. (Doc. 10 at 5.) The Court does not deny the general availability of injunctive relief in civil rights cases. However, Plaintiff did not request injunctive relief in the complaint and does not elaborate on what injunctive relief he seeks in the instant motion, except to state that the "monetary claim in this case should stand due to the treatment of prisoner." In sum, Plaintiff either does not seek any injunctive relief or

fails to set forth with any particularity what injunctive relief he seeks. For either reason, Plaintiff's request to add official capacity defendants is denied.

The Court also denies Plaintiff's motion for leave to amend due to Plaintiff's failure to comply with the Court's instructions for amendments to the complaint. On July 30, 2015, the Court instructed Plaintiff that a proposed amended complaint must be attached to a motion for leave to amend and must stand on its own and that all new material in a proposed amended complaint must be underlined. (Doc. 21 at 4-5.) Here, the documents submitted with the Motion for Leave to Amend consist of a letter to President Obama, personal notes regarding Plaintiff's symptoms, what appears to be a rough draft of his original complaint, court filings, affidavits, grievances, letters to prison officials, etc. In short, Plaintiff does not comply with the Court's instructions, and the documents submitted with the Motion for Leave to Amend do not resemble a complaint.

For these reasons, the Court denies Plaintiff's Motion for Leave to Amend the Complaint.

## **CONCLUSION**

For the reasons stated above, it is hereby ORDERED that Defendants' Second Motion to Compel Plaintiff's Discovery Responses (Doc. 38) is GRANTED. The Court ORDERS Plaintiff to inform the Court whether and to what extent the documents attached to his Motion for Leave to Amend the Complaint constitute the documents in his possession and under his control that respond to Defendants' Request for the Production of Documents on the Merits. To the extent that Plaintiff has not provided all responsive documents in his possession and under his control, the Court ORDERS Plaintiff to produce such documents to Defendants. Plaintiff must comply with this Order by January 13, 2017.

4

It is further ORDERED that Plaintiff's Motion for Leave to Amend the Complaint (Doc. 39) is DENIED.

**SO ORDERED.**

**DATED:  December 14, 2016.**                             *s/      Reona J. Daly*
                                                                                          **UNITED STATES MAGISTRATE JUDGE**